```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION


WILLIAM HICKS,                    :
                                  :    NO. 1:05-CV-00774
     Petitioner,                  :
                                  :    OPINION AND ORDER
                                  :
     v.                           :
                                  :
                                  :
DEB TIMMERMAN-COOPER,             :
                                  :
     Respondent.                  :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11), Respondent's Objections to the Report(doc. 17), and Petitioner's Response (doc. 18).  For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

**I. Discussion**

On November 29, 2005, Petitioner, an inmate in state custody, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his Sixth Amendment right to the effective assistance of counsel was violated when his trial attorney (1) failed to inform him of the State's plea offer; (2) prevented him from testifying in his own defense at trial; and (3) failed to call witnesses and introduce evidence supporting innocence (doc. 1).

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the factual and procedural background, and

recommended first that Petitioner's second claim, challenging his conviction on the ground that defense counsel prevented Petitioner from exercising his right to testify at trial, be denied with prejudice (doc. 11). The Magistrate Judge concluded that the Court is precluded by the "adequate and independent state ground" doctrine from addressing this claim because the claim was dismissed by the state court under Ohio's res judicata doctrine (Id). Petitioner therefore waives this claim, the Magistrate Judge found, because he cannot show cause and prejudice, or that the failure to consider the claim will result in a "fundamental miscarriage of justice" (Id.).

The Magistrate Judge next recommended that an evidentiary hearing be held on Petitioner's remaining ineffective assistance of trial counsel claims which allege that defense counsel failed to inform Petitioner of a plea offer extended by the prosecutor and failed to call certain key witnesses to testify on Petitioner's behalf at trial (Id.). The Magistrate Judge thoroughly reviewed the case law and statutory provisions relevant to this issue and found that "based on the present record, petitioner has raised colorable claims that he was denied his Sixth Amendment right to the effective assistance of counsel" and that "because the state courts did not afford petitioner a full and fair evidentiary hearing on these ineffective assistance of counsel claims, the material facts have not been sufficiently developed for the Court

to adequately assess the merits of such claims" (Id.).  Thus, the Magistrate Judge recommended that the Court exercise its discretion and order that an evidentiary hearing be held (Id., citing Rule 8, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254).

Respondent objects to the Magistrate Judge's second recommendation that the Court hold an evidentiary hearing on two of Petitioner's ineffective assistance of counsel claims (doc. 17). First, in response to Petitioner's claim that defense counsel did not inform him of a plea offer, Respondent argues that Petitioner does not demonstrate a "reasonable probability" that the plea would have been accepted, as required by the holding in Strickland v. Washington, 466 U.S. 668 (1984)(Id.).  Likewise, Respondent objects to the Magistrate Judge's recommendation of an evidentiary hearing on defense counsel's failure to call witnesses and introduce evidence supporting Petitioner's innocence (Id.).

Petitioner responds, noting that the Magistrate Judge did not recommend relief for Petitioner, but merely the opportunity to fully develop the record (doc. 18).  Petitioner argues that there are material facts in dispute, and a full and fair hearing to determine these facts will permit the Court to adjudicate Petitioner's claim of ineffective assistance of counsel (Id.).

After thoroughly reviewing this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned.

First, no party objects to the Magistrate Judge's finding that Petitioner has waived his claim that ineffective assistance of counsel prevented him from testifying in his own defense at trial (doc. 11). The Court agrees with the Magistrate Judge's recommendation, and thereby denies this claim.

Second, despite Respondent's objections, the Court agrees with the Magistrate Judge's assessment that "it is clear from the record presented that petitioner was not afforded a full and fair evidentiary hearing on his ineffective assistance of counsel claims in state court" (Id.). The Court has the discretion and inherent authority in habeas cases "to order evidentiary hearings to settle disputed issues of material fact." Sawyer v. Hofbauer, 299 F.3d 605, 609-10 (6th Cir. 2002). Here, the Court agrees with the Magistrate Judge that Petitioner is entitled to an evidentiary hearing because he has alleged "sufficient grounds for release, the relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing" on his claims. Id. at 610-11.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Respondent's objections and ADOPTS the Report and Recommendation in its entirety (doc. 11). Therefore, the Court:

1) DENIES WITH PREJUDICE the ineffective assistance of trial counsel claim alleged in the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1), challenging

Petitioner's conviction on the ground that defense counsel prevented Petitioner from exercising his right to testify at trial.

  2) REMANDS the matter for evidentiary hearing before the assigned Magistrate Judge on Petitioner's remaining ineffective assistance of counsel claims stemming from defense counsel's alleged failure to notify petitioner of a plea offer extended by the State, and failure to call certain witnesses to testify for the defense at trial.

  3) DOES NOT ISSUE a certificate of appealability with respect to the claim for relief which this Court has concluded is waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

  4) CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal in forma pauperis.

  SO ORDERED.

Dated: August 15, 2007   /s/ S. Arthur Spiegel
             S. Arthur Spiegel
             United States Senior District Judge