UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM HICKS,          :
                       :   NO. 1:05-CV-00774
    Petitioner,    :
                       :   **OPINION AND ORDER**
                       :
    v.                :
                       :
                       :
DEB TIMMERMAN-COOPER,   :
                       :
    Respondent.    :

This matter is before the Court on the Magistrate Judge's Supplemental Report and Recommendation (doc. 34).  For the reasons stated herein, the Court ADOPTS the Supplemental Report and Recommendation in its entirety.

**I.  Background**

On November 29, 2005, Petitioner, an inmate in state custody at Dayton Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his Sixth Amendment right to the effective assistance of counsel was violated when his trial attorney (1) failed to inform him of the State's plea offer; (2) prevented him from testifying in his own defense at trial; and (3) failed to call witnesses and introduce evidence supporting innocence (doc. 1).

In the original Report and Recommendation, the Magistrate Judge thoroughly reviewed the factual and procedural background,

and recommended dismissing with prejudice Petitioner's claim that defense counsel prevented Petitioner from exercising his right to testify at trial (doc. 34).  The Magistrate Judge next recommended that an evidentiary hearing be held on Petitioner's remaining ineffective assistance of trial counsel claims which allege that defense counsel failed to inform Petitioner of a plea offer extended by the prosecutor and failed to call certain key witnesses to testify on Petitioner's behalf at trial (Id.).  This Court adopted the Magistrate Judge's Report and Recommendation in its entirety and remanded the matter for an evidentiary hearing on Petitioner's ineffective assistance of trial counsel claim.

An evidentiary hearing was held on January 9, 2008 (Id.). The following witnesses testified on behalf of Petitioner: David Brewer, the attorney who represented Timothy Hicks at the joint trial; Gregory Howard, the attorney who represented Petitioner at sentencing and at proceedings before the trial court on petitioner's motion for a new trial; Timothy Hicks, Becky Aldridge and Barbara Schweikert testified as rebuttal witnesses (Id.). Those testifying on behalf of Respondent: Dan Ferguson, an assistant prosecuting attorney for Butler County, Brandon Voelker, an attorney who provided legal assistance to APF in closing down its operations, and Petitioner's trial counsel, Michael O'Hara (Id.).

The evidentiary hearing addressed Petitioner's grounds

2

for relief: 1) Trial counsel failed to inform Petitioner of a State-offered plea bargain; 2) Counsel's failure to call Brandon Voelker as a defense witness; 3) Counsel's failure to call satisfied customers as defense witnesses.

## II.  Discussion

In the Supplemental Report and Recommendation, the Magistrate Judge reviewed the standard for determining whether a criminal defendant was denied the effective assistance of counsel which requires Petitioner demonstrate: 1) his trial counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and; 2) counsel's deficient performance prejudiced the defendant (doc. 34 citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

The Magistrate Judge concluded that Petitioner was not entitled to relief based on the ground that his trial counsel, Mr. O'Hara, failed to inform him of the State-offered plea bargain (doc. 34).  Petitioner knew that a plea offer had been extended by the prosecutor, and the Magistrate Judge found that Mr. O'Hara discussed it with Petitioner, who refused to accept it because it would result in his incarceration (Id.).  The Magistrate Judge further found that Petitioner did not show a reasonable probability existed that Petitioner would have accepted the State's plea offer, to the extent it is assumed he was ignorant of its existence. Accordingly, Petitioner was not prejudiced by counsel's actions

(<u>Id</u>.).

Next, the Magistrate Judge concluded that Petitioner was not entitled to relief based on the ground that Mr. O'Hara failed to call Brandon Voelker as a defense witness (<u>Id</u>.). The Magistrate Judge found that Mr. O'Hara provided deficient counsel to Petitioner by not calling Mr. Voelker to testify as a defense witness (<u>Id</u>.). However, the Magistrate Judge concluded that Petitioner was not prejudiced by the actions of counsel because Mr. Voelker's testimony would have been incomplete as he was unaware of Fifth Third Bank records that strongly suggested criminal intent on the part of Petitioner (<u>Id</u>.). Such testimony would have been unpersuasive once the jury was made aware that Mr. Voelker was not fully informed of the facts prior to testifying (<u>Id</u>.).

Lastly, the Magistrate Judge concluded that Petitioner was not entitled to relief based on the ground that Mr. O'Hara was ineffective for failing to call satisfied customers of APF as defense witnesses (<u>Id</u>.). The Magistrate Judge found that Mr. O'Hara made an objectively reasonable strategic decision not to call satisfied APF customers so as to shield Petitioner from potential "civil liability" (<u>Id</u>.). The Magistrate Judge further found that Petitioner was not prejudiced by the actions of counsel (<u>Id</u>.). The overwhelming evidence already in the record strongly suggests that these witnesses would not have affected the outcome of the trial (<u>Id</u>.).

4

The Court finds the Supplemental Report and Recommendation thorough, well-reasoned and correct. The parties were served with the Supplemental Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Supplemental Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). An extension was granted until and including June 30, 2008, during which neither party filed any objections.

**II. Conclusion**

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Supplemental Report and Recommendation (doc. 34) in its entirety, and therefore DENIES Petitioner's writ of habeas corpus (doc. 1). Therefore, the Court:

1) DENIES WITH PREJUDICE the ineffective assistance of counsel claims alleged in the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1).

2) DOES NOT ISSUE a certificate of appealability with respect to the claim for relief which this Court has concluded is waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in <u>Slack v. McDaniel</u>,

529 U.S. 473, 484–85 (2000).

      3) CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal in forma pauperis.


     SO ORDERED.


Dated: July 22, 2008     /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge